## ADKINS *v.* LACY.

### Opinion delivered May 5, 1900.

DAMAGES—WRONGFUL ATTACHMENT.—For an order of attachment sued out wrongfully, but not maliciously, only compensatory damages can be recovered. (Page 170.)

Appeal from Pulaski Circuit Court, Second Division.

*Joseph W. Martin*, Judge.

*W. S. & F. L. McCain*, for appellants.

Unless an attachment be sued out maliciously, no damages not compensatory merely can be recovered; and all in excess thereof were erroneously allowed in this case. 34 Ark. 710; 51 Ark. 382; 37 Ark. 608; 55 Ark. 332; 39 Ark. 387; 58 Ark. 29; 65 Ark. 537; 21 Ark. 451; 34 Ark. 184.

BATTLE, J. It has been repeatedly held by this court that, unless an order of attachment has been sued out malic-

iously, the defendant in the attachment is entitled to recover of the plaintiff no damages, except compensatory, on account of the order of attachment having been wrongfully issued. *Holliday* v. *Cohen*, 34 Ark. 710; *Goodbar* v. *Lindsley*, 51 Ark. 382.

The only loss the evidence shows that the plaintiff in this case suffered on account of the order of attachment sued out against him by the defendant was the value of the use of his team for two days and his loss of time. The evidence does not show that the value of his time was a proximate loss, yet, conceding that it was, the evidence does not show that his damage exceeded $4. The value of the use of the team was three dollars, and of his own time was one dollar. Appellant conceded in the circuit court, and concedes here, that the plaintiff was entitled to $4 for his damages. Now, if the plaintiff will, within fifteen days, remit all of the $46 recovered by him, except $4, the judgment for the remainder will be affirmed; otherwise, it will be reversed, and the cause will be remanded for a new trial.